John A. Pearce (USB #8585)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200

Attorneys for Defendant Marvell Semiconductor, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| NOVELL, INC., a Delaware corporation, | : | **ANSWER** |
| Plaintiff, | : | |
| vs. | : | |
| MARVELL SEMICONDUCTOR, INC., a California corporation, | : | Civil No. 2:09cv00674 |
| | : | Judge Dale A. Kimball |
| Defendant. | : | |

Defendant, Marvell Semiconductor, Inc. ("Marvell"), admits, denies and alleges as follows:

1. Marvell is informed and believes that Novell, Inc. ("Novell") is a Delaware corporation with its principal place of business in Provo, Utah and that it is a developer, manufacturer and licensor of computer software products and a provider of computer related services, and on that basis, admits the same.

2. Admitted.

3. Marvell admits that the Fourth District Court for Utah County, State of Utah could have had jurisdiction over the subject matter of this lawsuit had Marvell not exercised its statutory right to remove this action.

4.     Marvell denies that venue is proper in the Fourth District Court for Utah County, State of Utah because Marvell has removed this action to the United States District Court for the District of Utah.

5.     Marvell admits that Novell seeks to recover monies it alleges are due and owing from Marvell, affirmatively alleges that Marvell owes no such monies and otherwise denies the allegations of Paragraph 5.

6.     Marvell admits that on or about March 9, 2007, Novell and Marvell signed a document entitled Novell Linux Enterprise License Agreement ("Agreement") and that Exhibit A appears to be a true and correct copy of that document. Marvell denies the remaining allegations of Paragraph 6.

7.     Denied.

8.     Denied.

9.     Denied.

10.    Marvell admits that it has not paid Novell any amounts, affirmatively alleges that it is not required to make any such payment and otherwise denies the allegations of Paragraph 10.

11.    Marvell admits that Novell has made a demand upon Marvell for certain payments. Marvell affirmatively alleges that it is not required to make any such payments and otherwise denies the allegations of Paragraph 11.

12.    Marvell incorporates by reference its responses to the proceeding Paragraphs 1-11.

13.    Denied.

14.    Denied.

15.    Denied.

16. Marvell incorporates by reference its responses to the proceeding Paragraphs 1-15.

17. Marvell states that Paragraph 17 contains an assertion of law for which an admission or denial is not required and otherwise denies the allegations of Paragraph 17.

18. Denied.

19. Denied.

WHEREFORE, Marvell respectfully:

1. States that Novell is not entitled for the relief requested in its *Prayer for Relief;*

2. Requests that the Court grant Marvell its costs and attorneys' fees in an amount to be determined by the Court; and

3. Requests any other relief as the Court deems just and equitable under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Novell's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Agreement is not enforceable because of a mutual mistake.

### THIRD AFFIRMATIVE DEFENSE

The Agreement is not enforceable because of a unilateral mistake of fact.

### FOURTH AFFIRMATIVE DEFENSE

Novell's claims are barred by principles of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Novell's claims are barred by a failure of consideration.

## SIXTH AFFIRMATIVE DEFENSE

Novell has not suffered any damages and to the extent it alleges it has, it has failed to mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Marvell reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

DATED this 7th day of August, 2009.

                JONES WALDO HOLBROOK & McDONOUGH PC


                By: /s/ John A. Pearce
                    John A. Pearce
                    Attorneys for Defendant
                    Marvell Semiconductor, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of August, 2009, I caused a true and correct copy of the foregoing to be filed via ECF with notification to the following:

>Steven F. Allred
>Law Office of Steven F. Allred, P.C.
>Troon Park
>584 South State Street
>Orem, UT 84058

/s/
Michelle Milne

896853.1